## William A. Lagow et al. v. William N. Robeson.

</div>

1. DRAINAGE COMMISSIONERS—*Requisites of Order Substituting One Commissioner for Three.*—An order reciting that the court examined a petition for the substitution of one drainage commissioner in place of three, and heard evidence thereon, and finding that the petition is signed by a majority of the land owners representing a majority of the acreage embraced in the district, and that at the time of and long prior to the filing of the petition, the drains, ditches and levees, for the construction of which said drainage district was organized, had been fully completed, is sufficient to empower the court to order the appointment prayed for.

2. APPEALS—*From the County Court—How Taken.*—A County Court is a court of record, and the mere making and filing of an appeal bond approved even by the judge out of court, without praying for and having the appeal granted, or fixing the time within which the appeal bond is to be filed is not sufficient, and such an appeal should be dismissed by a court of appeal.

**Petition,** for substitution of one drainage commissioner for three. Appeal from the Circuit Court of Lawrence County; the Hon. E. D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1896. Affirmed. Opinon filed March 3, 1897.

GEE & BARNES, attorneys for appellants.

W. F. FOSTER, attorney for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

On the 29th day of January, 1895, a petition signed by a number of the owners of lands in the Russell & Allison drainage district was presented to the County Court of Lawrence county, for the appointment of appellee as commis-

sioner of said district, to be the only commissioner thereof, in place of appellants, who were then the three drainage commissioners, and praying that two of said three commissioners be dispensed with. The aid of the court was asked under and by virtue of the power granted by Sec. 62 of the Statute, Chap. 42, p. 1533, Starr & Curtis, 2d Ed., Rev. Stat., which provides, " that at any time after the drains, ditches or levees, for the construction of which the district was organized, have been finally completed, the court may, on petition therefor as aforesaid, dispense with two commissioners, and thereafter appoint for such district but one commissioner, to hold office for the term of three years from his appointment, and until his successor is chosen and qualified, and he shall perform the duties and exercise the powers theretofore vested in and imposed upon the three commissioners of such district." No notice was served upon the commissioners of the proceeding, nor do we understand such notice was required by the statute. The court made an order finding from the evidence that said petition was signed by a majority of the land owners, representing a majority of the acreage embraced in the said drainage district, and that at the time of, and long prior to the filing of the petition, the drains, ditches and levees for the construction of which the said drainage district was organized, have been finally completed.

The prayer of the petition was granted and appellee was appointed sole commissioner of said district, and the appellants, former acting drainage commissioners of the district, were required and ordered to report to the court, and settle up their business with said drainage district, and turn over to appellee all the property, books, money and effects in their hands or possession, belonging to said drainage district, and written notice by the clerk, through the sheriff, ordered to be served upon them. Appellee accepted the appointment and took and filed, as the law required, his oath of office. The notice to appellants, as ordered, was also duly served.

On February 4, 1895, appellants filed an appeal bond with

the county clerk, which was approved by the county judge on the same day, but they made no appearance and took no steps in the County Court to set aside said order, nor were any exceptions there taken to the ruling of the court.

There are but two errors assigned, viz.: "The County Court erred in appointing William N. Robeson sole commissioner of the Russell & Allison Drainage District;" and "the Circuit Court erred in dismissing the appeal taken by appellants from the County Court to the Circuit Court."

If we are governed by the recitals of the record, the first error is not well assigned. It appears the petition was such as the law required, and gave the County Court jurisdiction to hear evidence and act in the matter as prayed for. The order recites that the court did examine the petition and the number of signers, and the number of acres owned by each and all of said signers, and the evidence as to the completion of the drains, ditches and levees in the said district, and finds the petition is signed by a majority of the land owners, representing a majority of the acreage embraced in the said district, and that at the time of and long prior to the time of filing the petition, the drains, ditches and levees for the construction of which said drainage district was organized, had been finally completed. These facts having been so found, were sufficient to empower the court to do as it did, and order the appointment of appellee as sole commissioner.

Two other questions are presented : 1st. Does an appeal lie from this order to the Circuit Court ? And 2d. Was there an appeal properly taken in this cause from the County Court ?

Appellants contend that appeals may be taken from this kind of an order of the County Court to the Circuit Court under the provisions of Sec. 122, of Chap. 37, Rev. Stat., which was partially repealed by the statute of 1887, which act provides that appeals and error shall lie from final judgments and decrees of County Courts to the Appellate Court of the appropriate district, in all cases except felonies and cases involving a franchise, or freehold, or the validity of a

statute.  But if the said contention is conceded to be the law, and we do not wish it understood that we so hold, yet the important question remains, was this appeal properly taken from the order of the County Court?

The evidence taken and heard by the court upon which it granted the prayer of the petition, and made the order complained of, is not preserved in the record, and was not brought before the Circuit Court.  No exceptions to any ruling of the County Court were taken during the hearing and no appeal was prayed for or granted from the County Court.  The County Court is a court of record, and the mere making and filing of an appeal bond, approved even by the judge out of court, without praying for or having an appeal granted, or fixing the time the appeal bond is to be filed, is not sufficient, and the appeal was properly dismissed by the Circuit Court.

The judgment is affirmed.